THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN M. SACK et al., Doing Business as SACK BROTHERS, et al., Defendants.

Supreme Court, Chautauqua County, February 20, 1952.

*Nathaniel L. Goldstein, Attorney-General (Matthew A. Tiffany and Emil L. Cohen of counsel), for plaintiff.*

*J. Russell Rogerson* for defendants.

SAMUEL J. HARRIS, Official Referee. By an order of the Supreme Court dated February 17, 1950, and filed with me on March 31st of that year, the above-entitled action was referred to me as an Official Referee, to hear and determine. Proof was taken in Chautauqua County on the 10th and 11th days of April, 1950. Final submission by counsel by briefs was completed on February 14, 1952.

The plaintiff seeks in this action to restrain certain use by the defendants and each of them of a certain highway in Chautauqua County, known as the Jamestown-Bemus Point Highway (No. 5217-A). The lands for this highway were conveyed to the State and the highway was established and placed in use for and by the public on the 21st day of August, 1938.

The portion of the highway in question was taken from farm lands owned by the defendants Sack, and from lands owned by others, which portion was taken by the State under condemnation proceedings for highway purposes. Such taking was under the provisions of chapter 248 of the Laws of 1937. That portion of chapter 248 under which such lands were taken for highway purposes then provided as follows: " 2. Limited access highways are those state highways the whole or any portions of which are constructed or improved, or reconstructed, on real property at a place where no public highway theretofore existed and to and from which highway owners of abutting property or occupants thereof or any other persons shall have no right of entry excepting at junctions of such highways with other public highways, and excepting as may be reserved or permitted as provided under section thirty of this chapter."

Section 30 of the Highway Law as amended by that chapter provided, in part, as follows:

" § 30. *Acquisition of lands for right of way and other purposes including lands for limited access highways.* * * *

" 4. A state highway indicated under this chapter for construction or improvement, or any portion of such highway, may be constructed or improved, or reconstructed, as a limited access highway without right or easement to any person for access to

the highway from abutting lands and without right or easement to any person for access to abutting lands from the highway, excepting however the public right of access to and egress from such highway at junctions with public highways, where the real property within the bounds of such highway, or portions thereof, to be constructed or improved, or reconstructed, has not theretofore been occupied for public highways uses and purposes. The title in fee to such real property shall be acquired by the board of supervisors either by purchase or by petition for its acquisition as in this article provided. The owners of abutting lands or persons holding under them or any other persons shall have no frontage or access rights to such highway from abutting lands or access to such abutting lands from such highway excepting at junctions with other public highways, and excepting, however, that if such real property is acquired by purchase the board of supervisors may, in its discretion and with the consent and approval of the department of public works, accept a deed thereof wherein a restricted or limited easement is reserved to an owner of lands abutting on both sides of such highway to cross said highway at a specified location; and provision for such a restricted or limited easement may be, upon the recommendation of the department of public works, incorporated in the report of the commissioners of appraisal in the case of a petition for acquisition of real property.''

Chapter 248 of the Laws of 1937, also contained the following: '' The owners of abutting lands or persons holding under them or any other persons shall have no frontage or access rights to such highway from abutting lands or access to such abutting lands from such highway excepting at junctions with other public highways, and excepting, however, that if such real property is acquired by purchase the board of supervisors may, in its discretion and with the consent and approval of the department of public works, accept a deed thereof wherein a restricted or limited easement is reserved to an owner of lands abutting on both sides of such highway to cross said highway at a specified location; and provision for such a restricted or limited easement may be, upon the recommendation of the department of public works, incorporated in the report of the commissioners of appraisal in the case of a petition for acquisition of real property.''

Subdivision 2 of section 3 of the Highway Law, as amended and applicable at the time of the trial (L. 1945, ch. 337) provided as follows: '' 2. Controlled access highways are those state highways which are entirely or partly constructed, reconstructed

or improved at a location where no public highway theretofore existed and to and from which the owners or occupants of abutting property or of any other persons shall have no right of access either as pedestrians, as operators of vehicles or in any other capacity, excepting at junctions of such highways with other public highways, and also excepting as such access may be reserved pursuant to the description and map of the property which has been or which hereafter shall be acquired in accordance with this chapter for the purpose of such controlled access highways.''

The proceeding to condemn under chapter 248 of the Laws of 1937 continued for a number of years after the opening of highway No. 5217-A and during all those years and until the time of the commencement of this action, the defendants Sack and the other defendants herein, which other defendants claim under the defendants Sack, have made use of the highway in question, not only to cross from one side to the other of the highway at places where it bounded the Sack property, but also have driven from the Sack property or from premises of the different defendants on to and along the highway. It is from this method of approach to the highway and use thereof, by driving along the highway, that plaintiff seeks to enjoin the defendants.

Defendants claim that they have a right to so use the highway and proceed along thereon. Their claim so to do is based on various contentions which they now raise in their defense of the action herein. The first of these contentions is, that when the County of Chautauqua, under the then existing statute, conducted condemnation proceedings on behalf of the county for the State, the then attorney for the county acquiesced in the then contention of the defendants Sack, that they had a right to go along the highway after reaching the same from the Sack property. In view of the provisions of the statute, that such method and use, which was in variation with the general tenor of the statute, could only be given consent to, by the Department of Public Works, and in view of the fact that there is no proof of such consent, but, on the contrary, that the proof is that the stipulation by the State and owners was one for crossing back and forth from one portion of the Sack property over the highway to the other portion thereof it is clearly established that on the theory of consent by the State, the defendants Sack and the other defendants gained no right to use the highway only at designated points of entry (which are other than the crossing

points) except to cross the same and only at the point or points stipulated by the State.

Another contention of the defendants is, that the action is barred by the Statute of Limitations. There is no statute that limits the State so that it can be deprived, as in this instance, of the use of a highway for public purposes, in accordance with the laws of the State. (*Burbank* v. *Fay,* 65 N. Y. 57; *Hinkley* v. *State of New York,* 234 N. Y. 309.)

Defendants claim estoppel because of the proceedings before the condemnation commissioners, especially that part thereof where the attorney for the county, in discussing the question of damages, referred to the then use of the defendants of the highway for highway purposes, not for purposes of crossing. The attorney for the county had no authority to bind the State in this matter.

The defendants claim that the stipulation entered into by the State does not prevent defendants from turning as persons or by vehicle on and along the highway. With this contention this court cannot agree.

The defendants further contend that the later amendments to the Highway Law, as quoted above, repealed chapter 248 of the Laws of 1937 as applicable to the highway in question; agreement cannot be had with this contention because it is plain from the provisions of the law, as enacted in 1937, and the amendments as now applicable (L. 1945, ch. 337), that the intention of the Legislature was to provide and continue the use of " limited access highways ". These highways have a particular purpose, as shown by the statutes providing for the same. That purpose is to take care of traffic which ordinarily would be confined to a State highway that is crowded in its use and divert such traffic for more or less lengths of mileage on to the extra highway where the diverted traffic would not be subject to delay by the entry of traffic from adjoining lands, except at points where the State Department of Public Works, had, with careful study, determined would be less liable to delay such diverted traffic or otherwise interfere with traffic. It is for this purpose that the State took the Sack land and adjoining land, and in so doing (in view of the contents of the statutes) it must be determined that the State, in taking such lands, did not intend that traffic should be clogged or endangered by access of pedestrians or vehicles from points on such " limited access highway ".

Defendants argue that traffic turning on the highway from the Sack lands create no more dangers or delay than crossing at one or two designated points on the highway. If they could so argue and succeed, then any person using the land appropriated by the State could make the same argument and the entire purposes of taking lands under the statutes above quoted could be destroyed.

This court reaches the conclusion that the State is entitled to the relief prayed for in its amended complaint, and judgment may be entered accordingly.

For that purpose this may be regarded as the decision of the Referee herein, and the findings of fact, which are herein stated.